UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DUSTIN JOHNSON,

               Plaintiff,

                                    Case No. 26-cv-800-pp

    v.

FRANK J. BISIGNANO,

               Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates

1

that he is not employed, he is not married and he has no dependents he is responsible for supporting. Dkt. No. 3 at 1. The only income reported by the plaintiff is $298 per month in SNAP benefits and the only expense listed is $298 for food. Id. at 2-3. The plaintiff says he owns a 1981 "Chevy G30 van cab (w/ motorhome)" worth approximately "$500 scrap;" he also lists this vehicle as his home. Id. at 3. He says he owns no other property of value and that he has under a dollar in coins. Id. at 3-4. The plaintiff says, "I owe $5,500 in back child support, although I am trying to remove this because I can't work. I have medical debt from ambulance trips for heart failure. My 1981 motor home is in very rough shape and needs major repairs. I do not have title to it. I am unable to afford the $405 filing fee and I am unable to pay any additional expenses because I do not have any income of significant support." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he is disabled, that he was denied benefits and that the "final decision of the Social Security Administration is not supported by substantial evidence and/or is contrary to law and regulation." Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 6th day of May, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3